# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-215-FDW-DCK

| | |
|---|---|
| DORY BRENDAN HUX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **ORDER** |
| | ) |
| NEUTROGENA CORPORATION, et al., | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Unopposed Motion For Entry Of A Protective Order" (Document No. 29) filed December 6, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion. The parties' stipulated protective order follows:

**Scope.**

    a. This Order shall govern all hard copy and electronic materials, the information contained therein, and all other information including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that any party to this proceeding (the "Producing Party" or "Designating Party") produces to any other party (the "Receiving Party") and that the Producing Party designates as confidential under this Order.

    b. This Order is binding upon (i) all Parties and their counsel; (ii) all signatories to Exhibit "A"; and (iii) (as applicable) their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Order.

    c. If additional parties are added other than parents, subsidiaries, or affiliates of current Parties, their ability to receive a document protected by this Order will be subject to their being bound, by agreement or Court order, to this Order.

    d. Third Parties who so elect may avail themselves of, and agree to be bound by, the

terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

e. The entry of this Order does not preclude any Party from seeking further order of the Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper, or from seeking to compel production of discovery from any Party.

f. Nothing herein shall be construed as an admission or concession by any Party that designated Confidential Material, or any document or information derived from Confidential Material, constitutes material, relevant or admissible evidence in this matter.

**Definitions.** In this Order, the terms set forth below shall have the following meanings:

g. "Action" or "Proceeding" means the action brought by Plaintiff, captioned *Dory Brendan Hux, Individually and as Surviving Parent of Dory Braylan Hux, and as Personal Representative of the Estate of Dory Braylan Hux, a deceased minor v. Neutrogena Corporation; Johnson & Johnson; and Johnson & Johnson Consumer Inc.,* Civil Action No. 3:23-cv-00215 (W.D.N.C.).

h. "Court" means the Honorable Judge currently assigned to this Action or any other judge to which this Action may be assigned, including Court staff participating in the Action.

i. "Document" or "Documents" shall have the meaning set out in the Federal Rules of Civil Procedure 34(a) and, for purposes of this Order, shall include electronically stored information.

j. "Testimony" means all depositions, declarations, or other pre-trial testimony taken or used in this Action.

k. "Information" means the content of Documents or Testimony, as well as any matter derived solely and exclusively therefrom or based solely and exclusively thereon.

l. "Confidential Material" means any Document (electronic or hard copy), Testimony, or Information that a Designating Party reasonably and in good faith believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G) or other applicable laws and that the Party designates as such in accordance with the provisions of this Order. Confidential Materials could include, but are not limited to:

   i. An individual's personal identifying information, financial information, medical/insurance information, and any other information believed in good faith by the Designating Party to be subject to protection from disclosure by a natural person's right of privacy under applicable privacy laws or regulations;

ii. A Party's documents containing or constituting research and development, confidential business, commercial, or proprietary information, financial information or data, technical information, manufacturing processes, product specifications, engineering information and testing, or sensitive health or medical information, proprietary or confidential business information of commercial value, that, if disclosed, may result in competitive, commercial, or business harm, and believed in good faith to be subject to protection from disclosure under applicable statutes, laws, or regulations; and

iii. All material, data, and information obtained, derived, or generated solely and exclusively from Confidential Material, to the extent the same are not publicly available.

m. The phrase "Confidential Material—Attorney Eyes Only" refers to Confidential Material that the Designating Party believes in good faith to contain highly confidential information, the disclosure of which to the Party's competitors would cause the Designating Party serious competitive and commercial harm. Such documents include Defendant's or non-party's trade secrets (as defined in the Uniform Trade Secrets Act) or other proprietary or highly confidential business information of substantial commercial value and believed in good faith to be subject to protection from disclosure under applicable statutes, laws, or regulations. As used in this Order, and unless otherwise specified, "Confidential Material" shall encompass "Confidential Material—Attorney Eyes Only."

n. "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information as Confidential Material.

o. "Disclose," "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Material, any part thereof, or any Information contained therein, to the extent the same are not publicly available.

**Designations of Confidential Material.**

p. <u>Designation of Documents</u>. A Designating Party may designate Documents as Confidential Material or Confidential Material—Attorney Eyes Only by placing a stamp or marking on the Documents stating the following, respectively:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**; or

**CONFIDENTIAL—ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER**

Such markings shall not obscure, alter, or interfere with the legibility of the original document.

i. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Material shall be

3

marked with the same confidential stamp or marking as contained on the original, unless the original confidential stamp or marking already appears on the copies.

q. <u>Designation of Deposition Transcripts</u>.

   i. During depositions, Confidential Material may be used or marked as exhibits, but shall remain subject to this Order and may not be shown to the witness unless such witness is a Qualified Person, as defined below.

   ii. If deposition Testimony or exhibits contain or refer to Confidential Material, or if they contain or refer to Documents, Testimony, or Information to be designated as Confidential Material, the Designating Party, by and through counsel, shall either

   1. On the record at the deposition, designate the Testimony or exhibit(s) as Confidential Material or, as applicable, identify already-designated Confidential Material, or

   2. No later than thirty (30) days after receiving a copy of the deposition transcript, inform the deposing counsel and counsel for other Parties that the Testimony or exhibit(s) constitute Confidential Material; during the thirty-day period, the entire deposition testimony, transcript, and exhibits shall be treated as Confidential Material under this Order.

   iii. When a Party designates testimony as Confidential Material during the deposition, counsel for that Party may exclude from the deposition all persons who are not Qualified Persons under this Order.

   iv. When portions of a deposition transcript or its exhibits are designated for confidential protection, the transcript or exhibit pages containing Confidential Material shall be separately bound by the court reporter, who must affix to the top of each page the legend "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" or "**CONFIDENTIAL— ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER**".

r. <u>Written Pleadings, Motion Papers, and Discovery Materials</u>. A Party may designate as Confidential Material portions of interrogatories and interrogatory answers, responses to requests for admissions and the Parties' own requests themselves, requests for production of documents and things and responses to such requests, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Material. To the extent feasible, such Confidential Material shall be prepared in such a manner that it is bound separately from material not entitled to protection.

s. <u>Designation of Confidential Material Produced in Native Format</u>. With respect to any Document produced in native format ("Native-Format Document"), a

Designating Party may designate the Document as Confidential Material or Confidential Material—Attorney Eyes Only by renaming each native file to include, at the end of the file name and prior to the file extension, the following language: "**CONFIDENTIAL**" or "**CONFIDENTIAL—ATTORNEY EYES ONLY**" provided the original file name is left intact and no relevant metadata associated with the document is lost, overwritten or destroyed. For documents produced in native format, the bates number and confidentiality designation will suffice. For example, BATES_CONFIDENTIAL.xlxs and the original file name would be preserved in metadata.

t. <u>Designation of Other Confidential Material</u>. With respect to Confidential Material produced in some form other than as described above, including, without limitation, compact discs or DVDs or other tangible items, the Designating Party must affix in a prominent place on the exterior of the item(s), container or containers in which the Information or item is stored the legend "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – PRODUCED BY [PARTY NAME] in [NAME OF ACTION]**" or "**CONFIDENTIAL—ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER – PRODUCED BY [PARTY NAME] in [NAME OF ACTION]**". If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the portions that constitute Confidential Materials.

u. With respect to Documents or Information produced or disclosed by a non-party, the non-party may designate the Documents or Information as Confidential Material pursuant to this Order.

**Required Treatment of Confidential Material.**

v. Except as specifically provided in this Order, counsel shall keep all Confidential Material disclosed or produced to them within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials and information, and shall not permit unauthorized dissemination of such materials or information to anyone.

w. Confidential Material shall not be disclosed in any way to anyone for any purpose other than as may be necessary for the preparation of trial or any appeal in this action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below. Confidential Material shall not be used for any business, competitive or other non-litigation purpose.

x. Access to and disclosure of Confidential Material shall be limited to those persons designated as Qualified Persons, as defined below. Any Qualified Person who examines any Confidential Material shall not disseminate orally, or by any other means, any protected Information or Documents other than as permitted by this Order, or applicable rules, or by order of the Court.

y. Confidential Material shall not be used for any business, competitive, or other non-

litigation purpose without the express written consent of counsel for the Designating Party or by order of the Court.

    i. Nothing in this Order shall limit any Designating Party's use of its own documents or shall prevent any Designating Party from disclosing its own Confidential Material to any person for any purpose.

    ii. Nothing herein shall prevent Plaintiff from viewing or receiving and retaining copies of their own medical records and from disclosing such medical records to, and sharing them with, their physicians.

    iii. Nothing herein shall prevent Defendants from viewing or retaining copies of medical records of Plaintiff that are in their possession or control or from disclosing such records to other Qualified Persons, regardless of whether or not the documents have been designated as Confidential Material.

    iv. Disclosures described in the above sub-paragraphs shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the designated Information, Testimony, and/or Document.

z. To avoid security risks inherent in certain technologies and to facilitate compliance with the terms of this Order, and unless otherwise ordered or agreed upon in writing by the Designating Party whose Confidential Material is at issue, all Qualified Persons with access to Confidential Material shall comply with the following:

    i. They shall use secure means to store and transmit Confidential Material, taking all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted, and shall physically store, maintain, and transmit Confidential Material solely within the United States.

    ii. Qualified Persons shall be prohibited from storing or transmitting any Confidential Material in or via any online or web-based storage location or service managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support service provider with a secure domestic document hosting facility that uses encrypted web-enabled software that allows for the secure and protected sharing and collaboration of said Protected Material among Qualified Persons or a reputable service provider commonly used by law firms such as Citrix ShareFile or Microsoft One Drive.

    iii. Notwithstanding the foregoing provision, Qualified Persons, as defined in the following paragraph, shall not be prohibited from transmitting

Confidential Material to any other Qualified Person through electronic mail, as attachments to an electronic mail in the form of separate PDF files or zip files, through tools provided by a reputable litigation support service as described herein, or via FTP file transfer, as long as the person transmitting the Protected Material takes reasonable steps to protect the confidentiality of the Confidential Material.

aa. The unauthorized disclosure of Confidential Material would cause irreparable harm to the Designating Party. In the event of such unauthorized disclosure, the aggrieved Designating Party may immediately seek injunctive relief. Additionally, each party with knowledge of the unauthorized disclosure of Confidential Materials shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Confidential Material disclosed.

**Qualified Persons with Respect to Confidential Material.** Confidential Material (as distinct from Confidential Material—Attorney Eyes Only, covered in Paragraph 6 below) may be disclosed only to the following persons (referred to as "Qualified Persons" throughout this Order):

bb. All Parties in this Action;

cc. The Parties' counsel, including counsel's partners, employees, and agents (e.g., outside copy services, litigation-support services, and stenographers) retained in the Action;

dd. Experts, consultants, and/or hired case-specific professionals ("Consultants") whose assistance is necessary to assist counsel in preparation for the trial of the Action, whether or not designated as an expert and retained to testify, with the following qualifications:

   i. The Consultant has first signed a copy of Exhibit A;
   ii. The Consultant is not a current Competitor of the Designating Party; and
   iii. Counsel for the Party retaining the Consultant, after duly diligent inquiry, does not know of any instance in which the Consultant has been found to be in violation of the terms of a protective order in any legal proceeding.

   As used in this Order, "Competitor" means any manufacturer of, or any entity involved in the sale of aerosol sunscreen products, and any person who, upon reasonable and good faith inquiry, could be determined, at the time of consultation and/or retention and throughout the course of this litigation, to be employed by, to be a consultant doing research for, or otherwise to be retained by, any manufacturer of, or entity involved in the sale of, aerosol sunscreen products.

ee. A deponent or a witness, other than those individuals identified above, at a deposition or pre-trial hearing, provided there is a reasonable basis to believe that

7

the witness will give relevant testimony regarding the Confidential Material or that disclosure of Confidential Material is necessary to prepare the witness to testify, or that disclosure of Confidential Material is necessary to refute testimony elicited by another Party regarding the subject matter of this action.

   i. If a Party wishes to disclose Confidential Material to such a deponent or witness before or during a deposition or pre-trial hearing, the deponent or witness must be informed of this Order and either sign a copy of the Endorsement attached hereto as Exhibit "A". However, if the Confidential Material is used to refute testimony elicited by a Party, then the deponent must agree to sign as soon as practicable, but need not do so for them to be shown and questioned on Confidential Material so long as they are not provided a copy.

   ii. This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion.

ff. A person identified in the Confidential Material as an author, source, addressee, or recipient of the communication, or who already has a copy of the Confidential Material;

gg. Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them;

hh. The Court (including any Court Personnel & court reporters), or the jury at trial or as exhibits to motions; and

ii. Any person mutually agreed upon among the Parties, provided that such person has been informed of this Order and has signed a copy of the Endorsement attached hereto as Exhibit "A."

**Qualified Persons with respect to Confidential Material—Attorney Eyes Only.** Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:

jj. Attorneys of record in this Action, and their paralegals or their other employees or agents (including litigation-support services) who require access to Confidential Material—Attorney Eyes Only for the purpose of litigation of this Action;

kk. Consultants who are Qualified Persons described in Paragraph 6.c, provided that counsel believe in good faith that disclosure is necessary to the prosecution of the Action, provided that any such Consultant to whom disclosure of Confidential Material is authorized must be informed of this Order and must—prior to be shown any Confidential Material—sign a copy of the Endorsement attached hereto as Exhibit "A";

ll. A person identified in the Confidential Material—Attorney Eyes Only as an author, source, addressee, or recipient of the communication, or who already has a copy of the Confidential Material;

mm. Any mediators or arbitrators selected to assist in resolution of this matter and their personnel who are actively engaged in assisting them;

nn. The Court (including any Court personnel & court reporters) or the jury at trial or as exhibits to motions; and

oo. Any person mutually agreed upon among the Parties, provided that such person has been informed of this Order and has signed a copy of the Endorsement attached hereto as Exhibit "A."

**Further Requirements with Respect to Qualified Persons.**

pp. Any Confidential Material distributed or disclosed to a Qualified Person who is a signatory of Exhibit "A" shall be returned to the Party's counsel who provided it to the Qualified Person or shall be destroyed at the completion of the Qualified Person's consultation or representation in this case. Upon the request of the Designating Party or the Court, each such Qualified Person shall execute an affidavit stating that all such Confidential Material and copies thereof have been returned or destroyed as required.

qq. The Court shall retain jurisdiction over any person or organization authorized, as set forth above, to receive Confidential Material as necessary to enforce the provisions of this Order.

**Challenges to Designations.**

rr. The Designating Party bears the burden of establishing confidentiality and moving to seal any Confidential Material filed with the Court in accordance with applicable law.

ss. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of Documents, Testimony, or Information as Confidential Material.

tt. If a Party contends that any Document, Testimony, or Information has been erroneously or improperly designated as Confidential Material, or has been improperly redacted, the material at issue shall be treated as confidential under the terms of this Order until:

   i. The Parties reach a written agreement; or

   ii. The Court issues an order determining that the material is not confidential and shall not be given confidential treatment.

9

uu. In the event that counsel for a Party receiving Confidential Material in discovery objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections and the specific Confidential Material (identified by Bates number, if possible). The Parties shall meet and confer to discuss the dispute and attempt resolution as soon as possible, and within ten (10) days, to the extent practicable. If the Parties cannot reach an agreement, either Party may file a motion seeking an order from the Court to resolve the dispute.

   i. Pending a resolution of the Designation Motion by the Court, the Designating Party is presumed to have designated the Confidential Material in good faith, and any and all existing designations challenged in such Motion shall remain in place.

**Use of Confidential Material in Court.** The Parties will use the following procedure, absent further Court order, for disclosing Confidential Material to the Court.

vv. Confidential Material is not to be filed with the Court except when it may be necessary in the independent judgment of counsel in connection with motions or other matters pending before the Court.

ww. It is understood by the Parties that any documents which become part of an official judicial proceeding are public documents and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

xx. If a Party files Confidential Material in support of a motion or other proceeding pending before the Court, they shall first meet and confer with the Designating party to determine if the Designating party objects to the public disclosure of information, and if they do or if the parties do not have sufficient time to meet and confer prior to the filing deadline, then the filing party shall submit the Confidential Material according to the Court's local rules and pursuant to this Protective Order. To the extent the Designating Party believes the materials to be Confidential, it shall file a motion within ten (10) days to seal the documents. Any Confidential Material filed under this section shall bear a cover page stating "Filed Under Temporary Seal Pursuant to the Protective Order in This Case" and shall be treated as Confidential Material unless and until the Court rules on the matter.

**Redactions.**

yy. To protect against unauthorized disclosure of Confidential Discovery Material, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents, information or material that is protected from disclosure by any applicable privacy law or regulation, that contains commercially sensitive or proprietary non-responsive information, or that any Order entered in this Action allows to be redacted.

zz. Defendants reserve the right to redact information that is nonresponsive (including

but not limited to proprietary financial material and information regarding products unrelated to this litigation), provided however that the Receiving Party can challenge any such redactions that it believes render a document incomprehensible or unusable by the redaction of necessary context.

aaa. Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a Party's ability to challenge such redactions pursuant to the procedures set forth herein. The burden as to the propriety of any redaction remains on the Designating Party at all times.

bbb. Upon request, Defendants will produce a list of bates-numbered, redacted documents with the reason for the redaction.

**Subpoena by Other Courts or by Agencies.**

ccc. If another court or an administrative agency requests, subpoenas, or orders the disclosure of Confidential Material from a Party that has obtained such material under the terms of this Order, the Party so requested, subpoenaed, or ordered shall notify the Designating Party by electronic mail transmission, express mail, or overnight delivery to counsel of record for the Designating Party not later than within forty-eight (48) hours of receipt. The Party shall not disclose any Confidential Information prior to the date specified for disclosure.

ddd. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Confidential Material, or seek to obtain confidential treatment of such Confidential Material, to the fullest extent available under law. To the extent the Receiving Party agrees or is not ethically barred from opposing such effort, it will not unnecessarily oppose or otherwise interfere with the Designating Party's effort to quash or limit the request, subpoena, or order.

**Disposition of Confidential Material.**

eee. After the final conclusion of this Action (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each Party in this Action shall promptly return to the Designating Party its Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), shall destroy it, or otherwise shall comply with an applicable order of the Court, subject to the exception described herein.

fff. The return or destruction of Confidential Material under this paragraph shall include, without limitation, all copies and duplicates thereof.

ggg. The Parties shall certify to the Designating Party, within thirty (30) days of any such action, that the required return or destruction has been completed.

hhh. As an exception to the above requirements, and unless otherwise ordered by

11

the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that are Confidential Material or that reflect, reference, or contain Confidential Material; (b) their work product; and (c) official transcripts and exhibits thereto; and the client's file which may contain Confidential Information, to the extent required by applicable ethical rules of professional conduct. The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

**Order Survives Termination of Action.** After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order shall be interpreted and enforced by the Court, which shall retain jurisdiction over any person or entity in receipt of Confidential Material.

**No Waiver of Any Privilege Upon Inadvertent Production.**

iii. This Order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine or any other applicable privilege, protection, law, or regulation.

jjj. Pursuant to Federal Rule of Evidence ("FRE") 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), if a Party (the "Disclosing Party") inadvertently discloses such privileged or work product information ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture in whole or in part of any claim of attorney-client privilege or work-product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. As set forth below, such Inadvertently Disclosed Information shall be returned to the Producing Party or destroyed upon request. FRE 502(b) is inapplicable to disclosed privileged information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

kkk. Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this paragraph.

lll. If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall, within ten (10) business days: (i) return or destroy all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Inadvertently Disclosed Information) within their possession, custody or control—including all copies in

12

the possession of Consultants or others to whom the Inadvertently Disclosed Information was provided—and (ii) upon written request, provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed. From the moment a Disclosing Party provides notice of inadvertent production, a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending a motion and further notice from the Court.

mmm. The Receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. Such motion shall be filed without disclosure of or reference to any Confidential Material and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. On any such motion, the Disclosing Party shall retain the burden of establishing its privilege or work-product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

**Inadvertent Production or Disclosure of Confidential Material.**

nnn. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any Document, Testimony, or Information that the Disclosing Party intended to designate as Confidential Material ("Inadvertent Production") shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter. This provision shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

ooo. In the event that a Designating Party makes such an Inadvertent Production, that Party shall contact the receiving Party within thirty (30) days of the discovery of the inadvertent production, or as promptly as reasonably possible thereafter, and inform the receiving Party or Parties in writing of the Inadvertent Production and the specific material at issue.

ppp. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as confidential until (i) the Parties agree to non-confidential treatment of the subject material, or (ii) the Court, on motion of any Party, issues an order addressing the appropriate treatment of the subject material.

qqq. Within ten (10) business days of receiving notice of the Inadvertent Production, absent a Party's challenge to such designation as contemplated herein, the receiving Party shall return or destroy all copies of such Confidential Material and, upon written request, provide a certification of counsel that all such Confidential Material has been returned or destroyed. Each receiving Party shall notify every person or organization that received copies of or access to the material

13

identified in the notice that such material contains Confidential Material.

rrr. As promptly as reasonably possible thereafter, the Disclosing Party shall reproduce the Confidential Material with the required designation.

Signed: December 6, 2023

David C. Keesler
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DORY BRENDAN HUX, Individually and as Surviving Parent of DORY BRAYLAN HUX and as Personal Representative of the Estate of DORY BRAYLAN HUX, a deceased Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>NEUTROGENA CORPORATION; JOHNSON & JOHNSON; and JOHNSON & JOHNSON CONSUMER, INC.,<br><br>Defendants. | Case No. **3:23-cv-00215**<br><br>**ENDORSEMENT OF CONFIDENTIALITY ORDER** |

## EXHIBIT A

I hereby attest to my understanding that information or documents designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL—ATTORNEY EYES ONLY**" (collectively, "Confidential Material") are provided to me subject to the Order dated _____ (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I understand that my execution of this Endorsement of Confidentiality Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any Confidential Material pursuant to the Order.

I certify that I am not a Competitor, as defined in the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Material, in any form whatsoever, and that such Confidential Material may be used only for the purposes authorized by the Order.

I further agree to return or destroy all copies of any Confidential Material or any document or thing containing Confidential Material in my possession, custody, or control in the manner and time specified in the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings

15

relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this endorsement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____