IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-215-FDW-DCK

| | |
|---|---|
| DORY BRENDAN HUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NEUTROGENA CORPORATION, ) | |
| JOHNSON & JOHNSON, and JOHNSON ) | |
| & JOHNSON CONSUMER, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' request for a telephone conference regarding a discovery dispute pursuant to the "Case Management Order" (Document No. 25, pp. 4-5).

The underlying dispute arises from "Plaintiff Dory Brendan Hux's Objections And First Supplemental Responses To Defendant Johnson & Johnson Consumer Inc.'s First Set of Interrogatories To Plaintiff Dory Brendan Hux." In short, Defendants contend that Plaintiff's responses to Interrogatory No. 6 (and Request for Production of Documents No. 10) have been inadequate.

Interrogatory No. 6 requests that Plaintiff "[i]dentify the 'conclusive evidence' that you contend supports the claim that any Defective Sunscreen Product identified used by DECEDENT contains dangerously high, unacceptable levels of the carcinogen Benzene" as alleged in paragraph 48 of YOUR COMPLAINT." Request for Production of Documents No. 10 seeks "ALL DOCUMENTS supporting YOUR claim that you 'uncovered conclusive evidence that the

Defective Sunscreen Product identified in paragraph 46 contains dangerously high, unacceptable levels of the carcinogen Benzene" as alleged in paragraph 48 of YOUR COMPLAINT."

The undersigned reviewed informal written submissions from counsel regarding the underlying dispute and then held a telephone conference with counsel for the parties on January 4, 2023.

As noted by Defendants, Plaintiff's First Amended Complaint, filed on June 30, 2023, alleges the following:

> Through their investigation, the Plaintiffs have **uncovered conclusive evidence** that the Defective Sunscreen Product identified in paragraph 46 contains dangerously high, unacceptable levels of the carcinogen Benzene. **They are prepared to substantiate this claim via expert testing and analysis during discovery** as this case progresses.

(Document No. 17, ¶ 48) (emphasis added).

To date, it appears that Plaintiff has been unwilling or unable, at least through any formal discovery, to "substantiate this claim via expert testing and analysis during discovery." Id. As discussed during the telephone conference, expert report and discovery deadlines are imminent. See (Document No. 32). Moreover, further extension of any case deadlines is unlikely, unless otherwise directed by the presiding District Judge. As such, it is time for the parties to move forward with exchanging relevant and proportional discovery.

After careful consideration of the parties' arguments, the undersigned directs Plaintiff to supplement the discovery response to Interrogatory No. 6 and Request for Production of Documents No. 10 by providing Defendants with the results of testing conducted by Plaintiff's consulting expert – as discussed during the telephone conference. Defendants may redact the report on those testing results to protect the identity of the consulting expert, only.

2

Case 3:23-cv-00215-FDW-DCK   Document 33   Filed 01/05/24   Page 2 of 3

In addition, counsel for the parties shall immediately confer to finalize a plan for when and how any remaining testing on the sunscreen products in Plaintiff's possession will be conducted.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall supplement discovery responses, as directed herein, on or before **January 8, 2024**.

**IT IS FURTHER ORDERED** that the parties shall jointly file a Notice, on or before **January 17, 2024**, briefly describing when and how any further testing will be conducted on the sunscreen products in Plaintiff's possession.

**SO ORDERED**.

Signed: January 4, 2024

David C. Keesler
United States Magistrate Judge