# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-00215-FDW-DCK

| | |
|---|---|
| DORY BRENDAN HUX, Individually and as Surviving Parent of D.H. and as Personal Representative of the Estate of D.H., a deceased minor, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JOHNSON & JOHNSON, NEUTROGENA CORPORATION, AND JOHNSON & JOHNSON CONSUMER, INC., | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 22). This matter has been fully briefed, (Doc. Nos. 26, 27), and is ripe for ruling. For the reasons set forth below, Defendants' Motion is DENIED.

In short, Plaintiff's Amended Complaint contends his son's exclusive use of Defendants' sunscreen products from 2009 to 2021 exposed him to dangerous levels of Benzene, which led to his development of Acute Myeloid Leukemia and caused his death. Plaintiff asserts seven causes of action: 1) Product Liability – Design Defect; 2) Negligence and Negligence Per Se; 3) Negligent Failure to Warn; 4) Negligent Misrepresentation; 5) Violation of North Carolina Consumer Protection Laws; 6) Breach of Implied Warranty of Merchantability; and 7) Wrongful Death. Defendants move to dismiss the Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

1

(citing Twombly, 550 U.S. at 570). When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" Fitzgerald Fruit Farms LLC v. Aseptia, Inc., 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). The Court, for the purposes of a Rule 12(b)(6) motion, takes all factual allegations as true. See Iqbal, 556 U.S. at 678.

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). That said, "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 555 (internal citation and quotation marks omitted).

Following review of the Amended Complaint, the parties' pleadings and cited case law, as well as applicable law, the Court summarily denies the Motion to Dismiss. The forty-four page Amended Complaint contains sufficiently detailed allegations, which—when taken as true—set forth plausible claims for relief arising out of Defendants' alleged misconduct. The allegations contend Plaintiff's son exclusively used specific brands of Defendants' products for an extended period of time; and the other allegations and exhibits to the Amended Complaint plausibly allege Defendants' products were contaminated and lead to his development of leukemia and his death. Of course, the Court need not resolve at this juncture whether any admissible evidence supports these allegations, as that is not the inquiry on a motion to dismiss. In addition, Defendants appear to conflate the pleading standards for product identification, causation, and negligent

misrepresentation with the burdens of proof Plaintiff carries later in litigation in order to withstand summary judgment and ultimately prevail at trial. Here, the well-pleaded Amended Complaint contains enough factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The authorities cited by Defendants are distinguishable and do not compel a different result.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 22), is DENIED.

**IT IS SO ORDERED.**

Signed: January 17, 2024

_____
Frank D. Whitney
United States District Judge