IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-215-FDW-DCK

| | |
|---|---|
| DORY BRENDAN HUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NEUTROGENA CORPORATION, ) | |
| JOHNSON & JOHNSON, and JOHNSON ) | |
| & JOHNSON CONSUMER, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Non-Party Diversified CPC International, Inc.'s Motion To Quash Plaintiff's Subpoena" (Document No. 45) filed March 22, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

By the instant motion, non-party Diversified CPC International, Inc. ("Diversified") seeks to quash a Subpoena served on it by Plaintiff on March 8, 2024. (Document No. 46, p. 1); see also (Document No. 46-1). Diversified argues, *inter alia*, that the "subpoena is defective and cannot be enforced in this Court, because **the place of compliance for the subpoena is Houston**, Texas" and that this "Court lacks jurisdiction over Diversified." Id. (Emphasis added).

The undersigned finds two reasons to summarily deny the requested relief.

First, the Local Rules of this Court require the following:

> Civil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement**, or describe the timely attempts of the movant to confer with opposing counsel**.

> A motion that fails to show that the parties have properly conferred **or attempted to confer may be summarily denied**.

LCvR 7.1(b) (emphasis added).

Here, Diversified acknowledges it was served the underlying Subpoena on March 8, 2024. (Document No. 45, p. 1). However, Diversified waited and filed the instant motion on the date the Subpoena demanded production, March 22, 2024. (Document No. 46-1, p. 2). Despite this passage of time, Diversified states, with no description of "timely attempts" that "the parties were unable to connect." The undersigned is not persuaded that Diversified satisfied the requirements of the Local Rules.

Second, while Diversified quotes from Fed.R.Civ.P. 45, it omits the key language that "[on] timely motion, the court for the district **where compliance is required** must quash or modify a subpoena." Fed.R.Civ.P. 45(d)(3)(A) (emphasis added); see also (Document No. 46-1, p. 4) and (Document No. 46, p. 4)(quoting Koenig v. Johnson, 2020 WL 635772 at *2 (D.S.C. Feb. 11, 2020)).

Diversified acknowledges that compliance is required in another district, therefore, as in Koenig, this Court must deny the motion due to its "fatal procedural shortcomings." (Document No. 45, p. 1); see also Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555, at *3 (D.Nev. Aug. 15, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.").

**IT IS, THEREFORE, ORDERED** that "Non-Party Diversified CPC International, Inc.'s Motion To Quash Plaintiff's Subpoena" (Document No. 45) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: March 25, 2024

David C. Keesler
United States Magistrate Judge